WILLIAM J. SPENCER vs. NEGROES AMY AND THOMAS.

*Certiorari.*

A manumission subsequent to the Act of 1801, not sanctioned by legislative authority is abso-
lutely void, and produces no change in the condition of the slave.

Penal statutes cannot have a retrospective operation.

The Act of 1818, passed in relation to the attempt to manumit slaves illegally, being a penal
statute, cannot be so construed, as to accumulate the penalties of the statute of 1801 to an act
committed before the passage of the former statute.

**By CHARLTON, Judge.**

THE question in this case is, whether the will of the elder *Spen-
cer*, directing the manumission of these slaves, and the deed of
the heirs carrying the wishes of the testator into effect, dated
25th of October, 1808, subjects them to the order and sale of
the justices of the Inferior Court of Effingham county, under
the powers delegated to magistrates by the Act of 1818? This
Court has already decided on this circuit, that a manumission
by deed, will, or otherwise, subsequent to the Act of 1801, pro-
duced no legal alteration in the condition of the slave,—that
the instrument was absolutely void, for any purpose of freedom,
—and following the language of the statute, that the slave was
still to "all intents and purposes, as much in a state of slavery,
as he was before he was manumitted and set free, by the party
so offending," by giving the instrument of manumission. The
Act of 1801, is too unambiguous to require the aid of any tech-
nical interpretation, to comprehend its object and intention. It
visits with a penalty, the person infracting its inhibition to man-
umit by private deed, act or, instrument, or in any other manner,
or form, than the one prescribed, and it places the slave pre-
cisely in the condition he was before.

I always feel happy, when I can decide upon the plain expres-
sion of the law itself, without travelling beyond its context into a

[Spencer vs. Negroes Amy & Thomas.]

field of unnecessary supererogatory learning. I am of the opinion then, that under the operation of the Act of 1801, these slaves remained the property of *William Spencer*, notwithstanding the directions of his will, and the subsequent instrument of manumission. And they must now be considered the property of that estate; and that interest can only be divested by an Act of the Legislature, not impairing the claims of legitimate creditors.—— The Act of 1818 cannot operate retrospectively, so as to annihilate or accumulate the penalties of the Act of 1801,—because this would be repugnant to the best established doctrines in the construction of penal statutes; and because, as a penal statute it must operate prospectively. There was then manifest error in the proceedings of the Court below, in considering these slaves, as liable to be sold under the sanction of the Act of 1818.

It is, therefore, *ordered,* that this case be remanded to said Court, with instructions, and it is hereby instructed, to abstain, in relation to these slaves, from any further proceedings, under the Act entitled an " Act supplementary to, and more effectually to enforce an Act prescribing the mode of manumitting slaves in this State, to prevent the further migration of free persons of color thereto, to regulate such free persons of color as now reside therein and for other purposes." Passed 19th December 1818.